UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOURAPHA CHANHKHIAO (A-027-993-256), Petitioner, v. WARDEN OF THE GOLDEN STATE ANNEX, et al., Respondents. | No. 1:26-cv-03221 TLN-CSK<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Sourapha Chanhkhiao (A-027-993-256) is an immigration detainee with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was admitted to the United States as a lawful refugee on August 19, 1987, and his status was adjusted to a lawful permanent resident on August 23, 1989. (ECF No. 1 at 2; ECF No. 8 at 2; ECF No. 8-1 at 2.) For the following reasons, this Court recommends that this action be dismissed as moot.

On July 24, 2007, an immigration judge ordered petitioner removed. (Id.) Petitioner was subsequently released from U.S. Immigration and Customs Enforcement ("ICE") custody in November 2007 and placed on an order of supervision. (Id.) While on supervision, petitioner was convicted of multiple crimes, including in October 2006 for controlled substance violations and firearm possession, in May 2008 for DUI, in October 2009 for firearm possession, in September 2022 for first degree burglary, and on April 15, 2026 for driving with a suspended license/DUI. (ECF No. 8 at 2; ECF No. 8-1 at 2-3, 16-44.) On April 16, 2026, petitioner's

supervision was revoked and petitioner was detained by ICE. (ECF No. 8 at 2; ECF No. 8-1 at 3, 11-12.) After revocation, Petitioner was provided with an informal interview as required by regulation. (ECF No. 8-1 at 3, 9.) Petitioner does not dispute his criminal history or being provided with an informal interview. (See ECF No. 13.)

On April 27, 2026, petitioner, proceeding pro se, filed a petition for writ of habeas corpus challenging his immigration detention and a motion for appointment of counsel. (ECF Nos. 1, 3.) On May 11, 2026, respondents timely filed their answer. (ECF Nos. 7, 8.) Petitioner's reply was due within 10 days after being served with the answer. (ECF No. 7.) On May 27, 2026, petitioner requested an extension of time to file his reply, which the Court granted on May 28, 2026, extending the deadline to June 11, 2026. (ECF Nos. 8, 9, 11.) On June 1, 2026, petitioner filed his reply. (ECF No. 13.) On June 3, 2026, the Court granted the motion to appoint counsel and ordered that once counsel was appointed, petitioner's counsel shall file a supplemental reply within ten days after appearing in the action. (ECF No. 14.)

On June 3, 2026, the district judge ordered respondents not to transfer petitioner out of this district. (ECF No. 15.) After the district judge's order issued, also on June 3, 2026, respondents filed a notice of petitioner's removal, indicating that petitioner was removed on June 2, 2026, prior to the issuance of the district judge's no transfer order. (ECF No. 16.) Respondents provided multiple additional status reports regarding petitioner's removal, including a sworn declaration from a deportation officer, confirming that petitioner was removed on June 2, 2026, before the district judge's no transfer order issued. (ECF Nos. 20, 22-24.) Petitioner has presented no evidence to counter this timeline or information submitted by respondents. (See ECF No. 21 (counseled reply and opposition).)

Counsel for petitioner filed her notice of appearance on June 15, 2026, and counsel was appointed on June 15, 2026. (ECF Nos. 17, 19.) On June 23, 2026, petitioner, through counsel, filed a supplemental reply and opposition, arguing that the petition is not moot despite petitioner's removal. (ECF No. 21.)

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of the

federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable decision." Id. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings[.]" Id. Given that petitioner has been removed, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention."). Petitioner's arguments to the contrary fail. In addition, petitioner's argument that the government violated a court order in removing petitioner fails. (See ECF No. 21 at 3.) The Court's June 3, 2026 order prohibited respondents from transferring petitioner, it did not prohibit respondents from removing petitioner. (See ECF No. 15.) Regardless, even if a no transfer order could be interpreted as a no removal order, petitioner was removed on June 2, 2026, before the district court's June 3, 2026 no transfer order. (See ECF Nos. 16, 23, 24.) Petitioner offers no evidentiary support for his argument that the government violated the court's order. (See ECF No. 21.)

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/chan.3221.26.imm.frs