UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOURAPHA C.,[1]<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX, et al.,<br>Respondents. | No. 1:26-cv-3221-TLN-CSK<br>A# 027-993-256<br>**ORDER** |

Petitioner, an immigration detainee, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 17, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 26.) Petitioner filed objections to the findings and recommendations. (ECF No. 27.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

A case is moot when it no longer presents a case or controversy. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). "Deportation from the United States after filing a habeas petition does not necessarily moot a petitioner's claim. . . For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1063–64 (9th Cir. 2007). Where a petitioner seeks only release from detention without raising collateral consequences and she is subsequently removed, the petition is likely moot because the court can no longer provide the requested relief. *See id.*

On the record, Petitioner has not raised, and this Court cannot identify, any collateral consequence that may be redressed by this Court in ruling on the merits of the Petition. Thus, the Petition is moot.

Accordingly, IT IS HEREBY ORDERED that the findings and recommendations (ECF No. 26) are adopted in full. This action is dismissed as moot and the Clerk of Court shall close this case.

IT IS SO ORDERED.

Date: August 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE